**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **JOSEPH J. CELLI,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **vs.** | **Case No. 1:06-cv-00001-DAK-PMW** |
| **MICHAEL W. WYNNE, Secretary of the United States Department of the Air Force; UNITED STATES DEPARTMENT OF THE AIR FORCE; and HILL AIR FORCE BASE,** | **Judge Dale A. Kimball** |
| | **Magistrate Judge Paul M. Warner** |
| **Defendants.** | |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court are four motions:  (1) Joseph J. Celli's ("Plaintiff") motion for summary judgment,[1] (2) Plaintiff's motion for default judgment,[2] (3) Michael W. Wynne, the United States Department of the Air Force, and Hill Air Force Base's (collectively, "Defendants") motion to strike a memorandum filed by Plaintiff,[3] and (4) Defendants' motion to dismiss.[4]  The court has carefully reviewed the written memoranda

---

[1] Docket no. 4.

[2] Docket no. 7.

[3] Docket no. 13.

[4] Docket no. 8.

submitted by the parties.  Pursuant to local rule 7-1(f), the court finds that oral argument would not be helpful or necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

**I.  Plaintiff's Motion for Summary Judgment and Motion for Default Judgment**

Plaintiff's motion for summary judgment and motion for default judgment are based upon Defendants' alleged failure to respond to Plaintiff's complaint in a timely fashion.

Pursuant to rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant is generally required to serve an answer "within 20 days after being served with the summons and complaint."  Fed. R. Civ. P. 12(a)(1)(A).  However, rule 12(a)(3)(A) provides that "[t]he United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity, shall serve an answer to the complaint . . . within 60 days after the United States attorney is served with" the complaint.  Fed. R. Civ. P. 12(a)(3)(A).  Further, rule 12(b) provides, in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:  (1) lack of jurisdiction over the subject matter . . . , (6) failure to state a claim upon which relief can be granted . . . .

Fed. R. Civ. P. 12(b)(1), (6).  Accordingly, in response to a complaint, a defendant may either serve an answer or file a motion under rule 12(b), subject to the appropriate time limit provided by rule 12(a).

2

Plaintiff, acting *pro se*, filed his complaint with the court on January 3, 2006 and his motion for summary judgment on February 17, 2006.  However, it was not until March 27, 2006, that Plaintiff filed proof of service with the court indicating that Defendants had been served in accordance with the requirements of rule 4(i) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 4(i) (providing requirements for effecting service upon the United States, its agencies, corporations, officers, or employees).  This proof of service indicates that the earliest date that Defendants were properly served with the summons and complaint was March 9, 2006.  Plaintiff then filed his motion for default judgment on May 5, 2006.

Despite being styled as a motion for summary judgment, Plaintiff's motion is actually one for default judgment.[5]  Plaintiff's motion is based solely upon Defendants' alleged failure to respond to his complaint in a timely fashion and was filed prior to the date the summons and complaint were properly served upon Defendants.  Accordingly, Plaintiff's motion[6] was procedurally premature and should be DENIED.

---

[5] Because Plaintiff is acting *pro se*, the court construes his pleadings liberally.  *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).  Although Plaintiff's motion indicates that it is one for summary judgment, it specifically references rule 55 of the Federal Rules of Civil Procedure, which governs default.  *See* Fed. R. Civ. P. 55.  In addition, the sole basis for the motion is Defendants' alleged failure to respond to Plaintiff's complaint in a timely fashion, which the court considers to be a more appropriate basis for a motion for default judgment.  *See* Fed. R. Civ. P. 55(a) (providing that "a party against whom a judgment for affirmative relief is sought" is in default when that party "has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise").  Further, the court has determined that the motion would not be appropriately considered as one for summary judgment.  *See* Fed. R. Civ. P. 56.  For these reasons, the court construes Plaintiff's motion as one for default judgment.

[6] Docket no. 4.

3

Further, because Defendants clearly fall within the category of "[t]he United States, an agency of the United States, or an officer or employee of the United States sued in an official capacity," Fed. R. Civ. P. 12(a)(3)(A), once they were properly served with the summons and complaint, they were allowed sixty days to serve an answer or file a motion under rule 12(b) in response to the complaint. *See id.*; *see also* Fed. R. Civ. P. 12(b). Accordingly, even using the earliest of the dates on which Defendants were served with the summons and complaint (March 9, 2006), Defendants were allowed up to and including May 8, 2006, to serve their answer or file a motion under rule 12(b) in response to Plaintiff's complaint. Plaintiff's motion for default judgment, which is again based upon Defendants' alleged failure to respond to his complaint in a timely fashion, was filed prior to this date, on May 5, 2006. As a result, it also was procedurally premature. In addition, Defendants filed their motion to dismiss on May 8, 2006, within the sixty-day period allowed by rule 12(a)(3)(A). *See* Fed. R. Civ. P. 12(a)(3)(A). Accordingly, Plaintiff's motion for default judgment[7] should be DENIED.

## II. Defendants' Motion to Strike

After Defendants filed their motion to dismiss and supporting memorandum, Plaintiff responded with an opposition memorandum, which was followed by Defendants' reply memorandum. Thereafter, Plaintiff filed an additional opposition memorandum,[8] which was

---

[7]  Docket no. 7.

[8]  Docket no. 12.

4

styled as an opposition to Defendants' reply memorandum.  Defendants' motion to strike seeks to have Plaintiff's additional opposition memorandum stricken.

Local rule 7-1(b), which governs memoranda filed by parties in connection with motions, permits the filing of a memorandum supporting a motion, an opposition memorandum, and a reply memorandum.  *See* DUCivR 7-1(b)(1), (3).  Further, rule 7-1(b)(3) states that "[n]o additional memoranda will be considered without leave of court."  DUCivR 7-1(b)(3).

When Defendants filed their reply memorandum, all of the allowable memoranda had been filed with the court in connection with Defendants' motion to dismiss.  Because Plaintiff did not seek leave of court to file his additional opposition memorandum, the court should not consider it.  *See id.*  Accordingly, Defendants' motion to strike[9] Plaintiff's memorandum should be GRANTED.

### III.  Defendants' Motion to Dismiss

Defendants argue that all of Plaintiff's claims should be dismissed pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiff has not established that the court has subject matter jurisdiction over his claims.  More specifically, Defendants assert that Plaintiff's complaint fails to identify a waiver of the government's sovereign immunity from suit.

In general, the United States, its agencies, and its employees (when sued in their official capacities) are immune from suit under the doctrine of sovereign immunity, unless the government consents to suit by waiving its sovereign immunity.  *Fed. Deposit Ins. Corp. v.*

---

[9]  Docket no. 13.

*Meyer*, 510 U.S. 471, 475 (1994); *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) (per

curiam).  "The government consents to be sued only when Congress unequivocally expresses its

intention to waive the government's sovereign immunity in the statutory text."  *United States v.*

*Murdock Mach. & Eng'g Co. of Utah*, 81 F.3d 922, 930 (10th Cir. 1996) (internal quotations and

citations omitted).  "Sovereign immunity is jurisdictional in nature," *Meyer*, 510 U.S. at 475, and

the existence of the government's consent to be sued (i.e., a waiver of sovereign immunity) "is a

prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  In a case

against the United States, it is the plaintiff's burden "to find and prove an explicit waiver of

sovereign immunity."  *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992) (internal

quotations and citation omitted).  When a plaintiff fails to carry this burden, it is appropriate to

dismiss that plaintiff's claims for lack of subject matter jurisdiction.  *See id.* at 1203-04.

In this case, Plaintiff alleges that the court has jurisdiction of his claims pursuant to 29

C.F.R. § 1614.407.  However, this regulation does not waive the government's immunity from

suit.  In addition, because the regulation cited by Plaintiff was promulgated by an agency of the

United States and not by Congress, it could not contain an effective waiver of sovereign

immunity.  *See Murdock Mach.*, 81 F.3d at 930.  Because Plaintiff has failed "to find and prove

an explicit waiver of sovereign immunity," *Fostvedt*, 978 F.2d at 1203 (internal quotations and

citation omitted), all of his claims should be dismissed for lack of subject matter jurisdiction, *see*

*id.* at 1203-04.  For these reasons, Defendants' motion to dismiss[10] should be GRANTED.

---

[10]  Docket no. 8.

The court also notes that, in addition to a lack of subject matter jurisdiction, Plaintiff's claims could also be dismissed for several alternative reasons, as indicated by Defendants in their memorandum in support of their motion to dismiss.  First, to the extent that any of Plaintiff's claims can be construed as common law torts, they could be dismissed because he failed to file an administrative claim with the appropriate federal agency prior to bringing this action, as required by the Federal Tort Claims Act.  *See* 28 U.S.C. § 2675(a).

Second, to the extent that any of Plaintiff's claims can be construed as employment discrimination claims based upon events that occurred in 2003, these claims could be dismissed because he failed to exhaust his administrative remedies.  *See Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002) ("We have held that the exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII.").

Third, all of Plaintiff's discrimination claims could be dismissed for failure to state claims upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), because he has failed to demonstrate that he is a handicapped person under the Vocational Rehabilitation Act of 1973. *See Woodman v. Runyon*, 132 F.3d 1330, 1338 (10th Cir. 1997).

Fourth, Plaintiff's retaliation claim based upon failed mediation could be dismissed for failure to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6), because failure to mediate is not an adverse employment action.  *See, e.g.*, *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 533 (10th Cir. 1998).

Finally, Plaintiff's claims for punitive damages and "special damages" could be dismissed because punitive damages are not authorized by either the Federal Tort Claims Act or

Title VII, and "special damages" are not authorized by Title VII.  *See* 28 U.S.C. § 2674; 42 U.S.C. § 1981a(b).

### IV.  Conclusion

Accordingly, it is hereby RECOMMENDED that (1) Plaintiff's motions for summary judgment[11] and default judgment[12] be DENIED, (2) Defendants' motion to strike[13] Plaintiff's memorandum be GRANTED, and (3) Defendants' motion to dismiss[14] be GRANTED.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days after receiving it.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of August, 2006.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[11]  Docket no. 4.

[12]  Docket no. 7.

[13]  Docket no. 13.

[14]  Docket no. 8.

8