IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOSEPH J. CELLI,<br><br>                Plaintiff,<br><br>v.<br><br>MICHAEL W. WYNNE, Secretary of the United States Department of the Air Force,; UNITED STATES DEPARTMENT OF THE AIR FORCE; and HILL AIR FORCE BASE,<br><br>                Defendants. | ORDER AFFIRMING<br>REPORT & RECOMMENDATION<br><br>Case No. 1:06CV1DAK |

       This case was assigned to United States District Court Judge Dale A. Kimball, who then referred it to United States Magistrate Judge Paul Warner under 28 U.S.C. § 636(b)(1)(B). In front of Magistrate Judge Warner, Plaintiff filed a motion for summary judgment and a motion for default judgment. Defendants filed a motion to strike a memorandum filed by Plaintiff and a motion to dismiss. On August 11, 2006, Magistrate Judge Warner issued a Report and Recommendation, recommending that Plaintiff's motions for summary judgment and default judgment be denied and that Defendants' motion to strike and motion to dismiss be granted.

       The Report and Recommendation notified Plaintiff that any objection to the Report and Recommendation was required to be filed within ten days of receiving it. On August 25, 2006, Plaintiff timely filed an Objection to Report and Recommendation. Plaintiff's objections state that the case has a jurisdictional basis under Title VII and that he is a "qualified handicap" under

the law.  On September 15, 2006, Defendants filed a Response to Plaintiff's Objection to Magistrate Judge's Report and Recommendation.

The court has reviewed the file *de novo.*  Although Magistrate Judge Warner found that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction, which appears to exists under Title VII and the Rehabilitation Act, Magistrate Judge Warner also found that Plaintiff's claims should be dismissed for other alternative reasons.  The court adopts these alternative grounds for dismissal.

The Report and Recommendation correctly concluded that to the extent that Plaintiff stated common law tort claims and 2003 employment discrimination claims, such claims should be dismissed for failure to exhaust administrative remedies.  The Magistrate Judge also properly found that Plaintiff's claims for punitive and special damages should be dismissed because neither the Federal Tort Claims Act nor the Rehabilitation Act authorize awards of punitive damages or special damages.

Furthermore, the Magistrate Judge also properly concluded that Plaintiff's employment discrimination claims should be dismissed because Plaintiff failed to demonstrate that he is a "qualified handicap" under the Rehabilitation Act.  The paperwork Plaintiff submitted does not demonstrate that Plaintiff was a "qualified handicap" as defined by the Rehabilitation Act.  Finally, there is no basis for a retaliation claim based on Plaintiff's appraisals because no adverse action was related to the appraisal.

Accordingly, the court adopts and affirms the Magistrate's Report and Recommendation as discussed above.  Therefore, it is the order of the court that Plaintiff's motions for summary judgment and default judgment are denied and Defendants' motion to strike and motion to dismiss are granted.  The clerk of court is directed to enter judgment in favor of Defendants.

This case is closed, each party to bear its and his own fees and costs.

DATED this 19th day of September, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge